STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
KAREN I. MEYER (Cal. Bar No.220554)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482/8559
    Facsimile: (213) 894-3713
    E-mail:   jennifer.chou@usdoj.gov
               kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
10/3/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MOUSTAFA HASSAN CHAHIN,<br><br>        Defendant. | No. CR 2:22-cr-00452-GW<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>MOUSTAFA HASSAN CHAHIN</u> |

1. This constitutes the plea agreement between MOUSTAFA HASSAN CHAHIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This plea agreement incorporates defendant's conviction for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, in <u>United States v. Adel Dardoon, et al.</u>, CR 99-270-JSL-6 (the "bank fraud case"). In the bank fraud case, defendant signed a plea agreement on October 25,

1999, which was filed on October 27, 1999 (CR 179) in, defendant breached the bank fraud case plea agreement by failing to appear for sentencing in that case.  Defendant's breach relieved the government of its obligations under the plea agreement for the bank fraud case.  Defendant is not entitled to withdraw his plea to bank fraud conspiracy in the bank fraud case.  This plea agreement sets forth the parties' agreements as to consolidated sentencing for both the bank fraud case and the above-captioned case.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

   a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with failure to appear before a court for sentencing as required by the conditions of release for an offense punishable by imprisonment for a term of five years or more, in violation of 18 U.S.C. §§ 3146(a)(1), (b)(A)(ii), and for committing this felony offense while on release, in violation of 18 U.S.C. § 3147(1).

   b.   Not contest facts agreed to in this agreement.

   c.   Abide by all agreements regarding sentencing contained in this agreement.

   d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing

Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, failure to appear for sentencing, in violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), the following must be true: (1) defendant was released from custody under the Bail Reform Act; (2) defendant was required to appear in court or before a judicial officer on February 18, 2000; (3) defendant knew of this required appearance; and (4) defendant intentionally failed to appear as required. To be subject to the enhanced statutory maximum penalty under 18 U.S.C. § 3146(b)(1)(A)(ii), the crime for which defendant failed to surrender must have been punishable by at least five years in prison. To be subject to the additional enhanced statutory maximum penalty under 18 U.S.C. § 3147(1), defendant must have been released under Chapter 207 of Title 18 of the United States Code, commonly called

the Bail Reform Act of 1966 (the "Bail Reform Act"), at the time he failed to appear at his sentencing hearing.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. Defendant understands that any custodial sentence imposed for a violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), must be consecutive to any sentence imposed for the violation of 18 U.S.C. § 371 in the bank fraud case, to which defendant has pleaded guilty. Defendant understands the additional statutory maximum sentence that the Court can impose for such a violation committed while defendant had been released under the Bail Reform Act, as alleged in the information in this case, is: 10 years' imprisonment, which must be consecutive to any other sentence of imprisonment.

6. Defendant understands that because defendant admits that defendant committed a violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), as charged in the information in this case, while defendant had been released under the Bail Reform Act, as alleged in the information in this case, the maximum sentence that the Court can impose for this violation is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant

5

fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At an in-person hearing on November 5, 1999 (the "change of plea hearing"), defendant pleaded guilty to one count of conspiracy, in violation of 18 U.S.C. § 371, in the bank fraud case, an offense punishable by imprisonment for not more than five years and a fine under Title 18 of the United States Code.  At the change of plea hearing, defendant was ordered to appear for sentencing before the Honorable J. Spencer Letts on February 28, 2000, at 3:00 p.m.  At the time, defendant had been released on bond and subject to pre-trial supervision pursuant to the Bail Reform Act.

At the change of plea hearing, the Court granted defendant permission to travel to Egypt for a period of six weeks while still on bond pursuant to the Bail Reform Act, from November 13, 1999, to December 25, 1999.  Shortly after the change of plea hearing, defendant traveled to Egypt in November 1999, but he did not return

6

by or on December 25, 1999. Defendant intentionally remained in Egypt for almost 21 years, deliberately eluding arrest and avoiding self-surrender, in order to avoid sentencing in the fraud case. Defendant did not appear in the fraud case until October 2021, after self-surrendering.

Defendant thus knowingly and intentionally failed to appear for the sentencing hearing on February 28, 2000, as he had been previously ordered.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The Guidelines calculations set forth below are based upon defendant's plea to the underlying bank fraud case as well as to the offense of failing to appear for sentencing. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Bank Fraud Group (§2F1.1)[1] | | |
| Base Offense Level: | +6 | [U.S.S.G. §2F1.1] |
| Specific Offense Characteristics: | | |
|   Loss Amount (More than $200,000 but less than $350,000) | +8 | [U.S.S.G. §2F1.1(B)(1)(F)] |
|   More than minimal planning/multiple victims | +2 | [U.S.S.G. §2F1.1(b)(2)] |
| Failure to Appear Group (2J1.6/3C1.3) | | |
| Base Offense Level: | 6 | [U.S.S.G. §2J1.6(a)(2)] |
| Specific Offense Characteristics: | | |
|   Underlying offense Statutory maximum 5 years or more | +6 | [U.S.S.G. § 2J1.6(b)(2)(B)] |
| 18 U.S.C. § 3147 enhancement | +3 | [U.S.S.G. § 3C1.3] |
| Grouping Guideline | | |
| Bank Fraud Group Offense Level: | +16 | [U.S.S.G. §3D1.1(a)] |
| Grouping Adjustment | +2 | [U.S.S.G. §3D1.4(a)] |

---

[1] U.S.S.G. § 2F1.1 was deleted by consolidation with § 2B1.1 effective November 1, 2001.  However, because the guideline calculations under U.S.S.G. § 2B1.1 present an ex post facto problem, the parties agree that the guidelines in effect from 1999 used in defendant's plea agreement for the bank fraud case will be used for the bank fraud "group" as part of the guidelines calculations for this case.

8

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

       g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

       h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction in both this case and the related bank fraud case of no more than 33 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any

10

of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a total term of imprisonment on all counts of conviction in both this case and the related bank fraud case of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services

12

Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the

entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

_/s/ Jennifer Chou_            September 27, 2022
JENNIFER CHOU                         Date
KAREN I. MEYER
Assistant United States Attorneys

_Mustafa Hassan Chahin_       8-19-2022
MOUSTAFA HASSAN CHAHIN      Date
Defendant

_Oliver P. Cleary_              9-8-2022
OLIVER CLEARY                        Date
Attorney for Defendant
MOUSTAFA HASSAN CHAHIN

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*Moustafa Hassan Chahin*       9/16 - 2022
MOUSTAFA HASSAN CHAHIN      Date
Defendant

## CERTIFICATION OF INTERPRETER

I, Basma Najjar, am fluent in the written and spoken English and Arabic languages. I accurately translated this entire agreement from English into Arabic to defendant MOUSTAFA HASSAN CHAHIN on this date.

_____    9/9/2022
INTERPRETER                  Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MOUSTAFA HASSAN CHAHIN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____         9-19-22
OLIVER CLEARY                     Date
Attorney for Defendant
MOUSTAFA HASSAN CHAHIN

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,      | CR No. |
|---|---|
| Plaintiff,                     | I N F O R M A T I O N |
| v.                             | [18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), 3147: Failure to Appear for Sentencing, Felony Offense Committed on Release] |
| MOUSTAFA HASSAN CHAHIN,        | |
| Defendant.                     | |

The United States Attorney charges:

[18 U.S.C. § 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii), 3147(1)]

On or about February 28, 2000, in Los Angeles County, within the Central District of California, defendant MOUSTAFA HASSAN CHAHIN, having been released pursuant to Chapter 207 of Title 18, United States Code, while awaiting sentencing in <u>United States v. Adel Dardoon, et al.</u>, Case No. CR 99-270-JSL, after conviction of a violation of Title 18, United States Code, Section 371, an offense punishable by imprisonment for a term of five years or more, and having been ordered to appear for sentencing before the Honorable J. Spencer Letts, United States District Judge, on February 18, 2000, at 3:00 p.m., at the United States Courthouse in Los Angeles,

//

California, knowingly and intentionally failed to appear as required by the conditions of release before the aforementioned court.

                                            E. MARTIN ESTRADA
                                            United States Attorney

*/s/ Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crime
  Section

JENNIFER CHOU
KAREN I. MEYER
Assistant United States Attorney
Violent & Organized Crime Section

2